UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LITTLETON, | No. 2:22-cv-1067 TLN AC P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| MARK MONTIEZ, et al., | |
| Defendants. | |

Plaintiff, a county jail inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 7. This proceeding was referred to a magistrate judge by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned previously recommended that this action be dismissed, ECF No. 6, and plaintiff has objected to that recommendation, ECF No. 8. In his objections, plaintiff requests the appointment of counsel. ECF No. 8. For the reasons stated below the recommendation for dismissal will be vacated, and plaintiff's application to proceed in forma pauperis will be granted. In addition, plaintiff will be directed to file an amended complaint. His request for appointment of counsel will be denied.

I.    <u>APPLICATION TO PROCEED IN FORMA PAUPERIS</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 7. Accordingly, the request to proceed in forma pauperis will be granted.

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (brackets added); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (brackets added) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see, e.g., Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, see Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III.   THE COMPLAINT

Plaintiff names the following defendants:  Mark Montiez, Melody Sanders, Anna Treystov, Eric Gordon, Jr., Rachel Montiez, Janea Herrea, Alexis Pina, Raquel Pina, Rose Marie Chapman, Faith Emeril, Joy Hall, Raymond Hill, Joseph Burrows, Ebony Johnson, and "NextDoor app residents" who are allegedly funded by the Sacramento County Sheriff's Department and the Sacramento County Police Department. ECF No. 1 at 1-2.  Plaintiff alleges that defendant Mark Montiez is a bail bond agent in Sacramento who is also a paid informant for the Sacramento County Sheriff's Department and Sacramento Police Department. Id. at 6.

Plaintiff alleges that defendants threatened his safety, violated his due process rights, and entrapped him when some of them showed a sex video of him and defendant Gordon on Facebook and NextDoor.  Thereafter, among other things, people began looking at him "crazy";

3

he was "chased everywhere on camera in Sacramento"; red beams that burned his skin were pointed at him; and he was called derisive names. ECF No. 1 at 3-7.

Plaintiff asserts that he was threatened and terrorized because he is a gay Black man, and that it went on for weeks. ECF No. 1 at 3. He alleges that several of the defendants have tried to kill him numerous times at different locations in Sacramento, that they have hacked his phone to track his movements, and they have sent pictures to his phone of dead homeless people, presumably implying that he was next. Id. at 4.

Plaintiff further claims that defendant Montiez sold him drugs and that Montiez used his influence with the sheriff, police, lawyers, the district attorney, judges, and the like to try to set plaintiff up. ECF No. 1 at 6-7. Plaintiff alleges that Montiez is responsible for every case that he is in jail for, and that a number of the other defendants helped him do it. Id. at 7. Finally, plaintiff states that because of these incidents he has had no social life, he ran out of money, and he was kicked out of the house where he was staying because a person there did not want to be part of any "drama." ECF No. 1 at 5. In addition, plaintiff is afraid to be released from jail without protective custody. Id. at 4. He feels that because of the NextDoor app and "women and men who gay bash on men who are gay," he is unable to have a normal life. Id. at 3. He seeks $100,000,000.00 in relief. Id. at 8.

### IV. FAILURE TO STATE A CLAIM

For the reasons explained below, the complaint fails to state a claim upon which relief may be granted. Accordingly, the complaint will not be served. Plaintiff will be given an opportunity to file an amended complaint.

#### A. Overall Pleading Deficiencies

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The "color of law" requirement reflects the statute's primary purpose as a vehicle for bringing lawsuits against state or local officials who commit constitutional violations. A private individual's conduct may constitute action under color of state law in limited

4

circumstances, and only if the conduct is "fairly attributable" to the state. West, 487 U.S. at 49-50. The under-color-of-state-law element is a "jurisdictional requisite" for a § 1983 action. Id. at 46.

The complaint does not indicate that any of the defendants were public officials or employees at the time of their alleged actions. The conduct described appears to be private conduct, not state action. The only allegation of a connection between a named defendant and the exercise of state authority is that Mark Montiez acted as a "paid informant" for the Sacramento County Sheriff and Police Departments. ECF No. 1 at 6-7. Without more, this allegation is insufficient to establish action under color of law. It is well established in the criminal due process context that an informant acting with expectation of payment does not constitute an agent of the government. United States v. Busby, 780 F.2d 804, 807 (9th Cir. 1986); United States v. Restrepo, 930 F.2d 705, 713 (9th Cir. 1991). It follows that an informant, even if paid by law enforcement, is not acting under color of law and therefore cannot be liable under § 1983. Similarly, plaintiff's conclusory allegation that unnamed NextDoor users receive law enforcement funding is insufficient to plead action under color of state law.

If plaintiff wishes to pursue a civil rights action in federal court, his amended complaint must specify whether or not each defendant was acting as an official or employee of a state or local government entity. As to any defendant who is a private person, an amended complaint must explain why their actions toward plaintiff should be considered state action. If plaintiff does not claim that his rights were violated by actions attributable to the state, then he cannot seek relief under § 1983 and should instead sue the defendants in state court on state law grounds.

B.  Threat to Safety

The complaint presents a putative cause of action for threat to safety. ECF No. 1 at 3. Jails and prisons have a constitutional duty to protect their inmates from harm, and they can be sued under § 1983 for deliberate indifference to a threat of serious harm. See Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013); see Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). However, government entities do not have a constitutional duty to affirmatively prevent harm to members of the community at large, and they cannot be sued for

failure to do so. See DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195 (1989). Private parties who threaten the safety of others in the community may be liable under state law, but they have no constitutional duties to others and therefore their acts of personal injury or endangerment cannot constitute constitutional violations. The complaint before the court appears to involve threats to plaintiff's safety by private individuals in the community, which do not state a claim under § 1983 for two reasons: absence of action under color of law and absence of a constitutional violation.

### C.  Entrapment

The complaint presents a putative cause of action for entrapment. ECF No. 1 at 6. This claim is based on the allegations that bail bond agent Mark Montiez is a paid informant who set plaintiff up and caused his wrongful incarceration. As already explained, the allegation that Montiez acted as a paid informant does not satisfy the "under color of law" element of § 1983 liability. Moreover, entrapment is a defense to criminal liability and not a constitutional violation. See United States v. Russell, 411 U.S. 423, 430-32 (1973); Jones v. Bombeck, 375 F.2d 737, 738 (3d Cir. 1967) (per curiam). Accordingly, entrapment cannot form the basis of a § 1983 claim. See DiBlasio v. City of New York, 102 F.3d 654, 656-57 (2d Cir. 1996).

## V.  LEAVE TO AMEND

Because plaintiff may be able to allege facts and/or provide information to remedy the above-mentioned deficiencies, he will be given the opportunity to amend. When amending the complaint, plaintiff must demonstrate how the actions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must identify each defendant by name and with specificity as well as allege in specific terms how each one is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Arnold, 637 F.2d at 1355; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268 (citations omitted) (brackets added).

At the same time, however, the federal rules contemplate brevity. Specifically, the amended complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VI. MOTION FOR THE APPOINTMENT OF COUNSEL

In his objections to the previously issued findings and recommendations, plaintiff asks that the court appoint him counsel. ECF No. 8. In support of the request, plaintiff states that he is indigent, that he is "not that law smart," and that it is hard to write with no law library access. Id.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

Neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel. These are difficulties that any litigant would have when proceeding pro se. See Wood, 900 F.2d at 1335-36; see also Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (finding court was within its discretion when it denied appointment of

counsel to sixty-year-old appellant proceeding in forma pauperis with no background in law who thoroughly presented issues in petition). Therefore, in this case, the court does not find the required exceptional circumstances, and plaintiff's request for the appointment of counsel will be denied.

### VII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

The complaint you have filed does not present any claims for which you could be granted relief. Civil rights lawsuits are for claims that state or local government officials or employees, or other people acting for the government, violated your constitutional rights. Members of the general public who harm you are not violating the constitution, and they are not proper civil rights defendants – they should be sued, if at all, in state court. Because your complaint does not show that any of the defendants were acting "under color of law," or violated rights of yours that are guaranteed by the U.S. Constitution, it is unclear whether your case can proceed in this court.

The complaint will not be served, but you are being given the chance to submit an amended complaint. An amended complaint must provide facts showing that each defendant violated a constitutional right of yours, and did so "under color of state law."

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued August 3, 2022 (ECF No. 6) are hereby VACATED;

2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith;

4. The complaint has been screened pursuant to 28 U.S.C. § 1915A and found not to state a claim for relief;

////

////

5. Within thirty days from the date of this order, plaintiff may file a first amended complaint. Plaintiff is cautioned that failure to do so within the time allotted may result in a recommendation that this action be dismissed;

6. The Clerk of Court shall send plaintiff a copy of this court's Civil Rights Complaint By A Prisoner form; and

7. Plaintiff's request for the appointment of counsel, included within his objections to the previously issued findings and recommendations (see ECF No. 8), is DENIED.

DATED: August 24, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE