UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LITTLETON,<br><br>    Plaintiff,<br><br>    v.<br><br>MARK MONTIEZ, et al.,<br><br>    Defendants. | No. 2:22-cv-1067 TLN AC P<br><br><br>ORDER |

Plaintiff, a county jail inmate, filed a civil rights action pursuant to 42 U.S.C. § 1983 without an attorney. This action closed on February 8, 2023, based plaintiff's failure to prosecute the case. ECF No. 12. Pending before the court are plaintiff's request for refund of filing fees and motion to proceed in forma pauperis. ECF Nos. 14, 15.

Although this action is closed, the court will address plaintiff's request and motions. **Plaintiff is advised that no orders will issue in response to future filings by plaintiff in this action because this action is closed.** For the following, reasons, plaintiff's request for refund of filing fees is denied, and the undersigned recommends the motion to proceed in forma pauperis be denied.

I. Background

In June 2022, plaintiff filed the complaint and a motion to proceed in forma pauperis in this case. ECF Nos. 1, 2. On August 25, 2022, the court granted plaintiff's motion to proceed in

1

forma pauperis. ECF No. 9. In granting plaintiff's application to proceed in forma pauperis, the court ordered that plaintiff was required to pay the statutory filing fee of $350.00 for this action pursuant to 28 U.S.C. §§ 1914(a), 1915(b)(1). Id. at 2. The court also found that the complaint did not state a claim for release and granted plaintiff thirty days to file a first amended complaint. Id. at 4, 6, 9. By separate order, pursuant to 28 U.S.C. § 1915(b)(2), the court directed the California Department of Corrections and Rehabilitation ("CDCR") to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee was paid in full. ECF No. 10.

On October 18, 2022, the undersigned issued findings and recommendations recommending that this action be dismissed without prejudice for plaintiff's failure to prosecute the case. ECF No. 11. Plaintiff did not file objections. On February 7, 2023, the district judge adopted the findings and recommendations and dismissed the case without prejudice for failure to prosecute. ECF No. 12. The following day, the Clerk of the Court closed this case pursuant to Federal Rule of Civil Procedure 41(b). See Id.

II. Plaintiff's Pending Request and Motion

On February 11, 2025, plaintiff filed the pending request for refund of filing fees in this case, ECF No. 14, and in Case No. 2:22-cv-0567 TLN JDP, ECF No. 22. In his requests, plaintiff alleges that he is indigent, and that Sacramento County Jail is taking more than the twenty percent they are supposed to take to pay the filing fee in his cases. Id. at 2. Plaintiff attaches a document titled "Inmate Balance History Report – Simple," which reflects withdrawals from his trust account for payment of the filing fee in his civil rights cases, Nos. 2:22-cv-1067 AC and 2:22-cv-0567 JDP, from July 1, 2022, to November 11, 2024. Id. at 4-8.

On February 24, 2025, plaintiff filed an application to proceed in forma pauperis. ECF No. 15. Plaintiff attached the following documents: (1) "Filing Fee Initial Payment"; (2) "Court Filing Fee Payments" for Case Nos. 2:22-cv-1067 AC P and 2:22-cv-0567 JDP PC from August 2022 to January 2025; (3) "Inmate Balance History Report – Simple" from July 1, 2024 to February 12, 2025; (4) "Inmate Balance History Report – Simple" from August 9, 2024 to

February 2, 2025; (5) "IWF Trust Office Offender Information"; and (6) Sacramento County Sheriff's Department transaction receipt for February 10, 2025. Id. at 3-11.

III. Discussion

Plaintiff is informed that, even though the court granted plaintiff's in forma pauperis application, he is obligated to pay the $350.00 filing fee for this action. As of February 14, 2025, court financial records indicate that he still owed $115.74 for the filing fee in this action. It appears this amount does not reflect the recent February 10, 2025, payment by plaintiff, which would bring the balance to $95.74. See ECF No. 15 at 4. This is likely due to a delay in the court receiving and processing the payment.

Plaintiff is further informed that the in forma pauperis statute, 28 U.S.C. § 1915(b)(2), requires that prisoners who have multiple civil rights lawsuits in which in forma pauperis status was granted make *simultaneous* payments of twenty percent of the prisoner's monthly income for *each* case he has filed. Bruce v. Samuels, 577 U.S. 82, 87 (2016). That the combined amount may add up to more than twenty percent, and at times, leave a prisoner without funds, does not violate the statute, and in fact is consistent with the purpose of the Prison Litigation Reform Act to deter frivolous lawsuits. Id. at 88-89.

Here, plaintiff's records indicate that plaintiff has been required to pay twenty percent of his prior month's income for each of his two cases. See ECF NO. 15 at 4. Collectively, this amount adds up to more than twenty percent. Nonetheless, plaintiff has no grounds for relief because per Bruce, this is permissible, and in fact required under 28 U.S.C. § 1915(b)(2).

Moreover, because (1) plaintiff was already granted in forma pauperis status in this case and (2) this case is closed, the new motion to proceed in forma pauperis will be STRICKEN as non-cognizable.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for refund of filing fees (ECF No. 14) is DENIED; and

////

////

3

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 15) is STRICKEN.

DATED: February 26, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE